IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| RODNEY NEAL JENKINS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | 1:14-CV-537 |
|  | ) |  |
| SUPERINTENDENT MICHAEL BALL, | ) |  |
|  | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Rodney Neal Jenkins filed a petition under 28 U.S.C. § 2254 attacking the constitutionality of his convictions in North Carolina state court on five counts of felony taking indecent liberties with a child. The respondent has filed a motion to dismiss based on the statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Because the petition and the petitioner's brief raise factual questions about equitable tolling inappropriate for resolution at the motion to dismiss stage, the motion should be denied.

Mr. Jenkins pled guilty to five counts of taking indecent liberties with a child in Stanly County Superior Court on September 20, 2012. (Doc. 6-3 at 2-13.) That same day, he received four active sentences of 16 to 20 months, to run consecutively, and a probationary sentence to follow on the fifth count. (Doc. 6-3 at 2-16.)

According to the petition, Mr. Jenkins did not appeal his conviction, but he did immediately seek assistance from the North Carolina Center on Actual Innocence and

then from North Carolina Prisoner Legal Services ("NCPLS"). (Doc. 2 at 2, 13.) In April 2013, NCPLS assigned the case to an attorney and instructed Mr. Jenkins "not to file anything in court." (Doc. 2 at 13-14.) In July, NCPLS told Mr. Jenkins they could not help him. (Doc. 2 at 14.) He then asked NCPLS for "a set of forms and a Post-Conviction Manual explaining Court proceedures [sic] on how to do the paper work [sic]." (*Id.*) He did not receive these materials until February 10, 2014. (Doc. 8 at 2.)

Mr. Jenkins signed his Motion for Appropriate Relief ("MAR") on February 26, 2014, (Doc. 6-4), and the Clerk filed it in Stanly County Superior Court on March 7. (Doc. 2 at 3, 17.) The Superior Court denied the MAR on March 25. (Doc. 2 at 17-18.) After appellate relief in the state court was denied on May 7, (Doc. 2 at 16), Mr. Jenkins filed a § 2254 petition in this Court on June 19. *See* Petition for Writ of Habeas Corpus, *Jenkins v. Ball*, No. 1:14CV504 (M.D.N.C. June 19, 2014), ECF No. 2. This Court dismissed the petition for technical reasons, *see id.,* Order and Judgment at ECF No. 5 (adopting opinion of Auld, M.J.), and Mr. Jenkins filed this petition for writ of habeas corpus on June 30. (Doc. 2.)

Under the AEDPA, a petitioner has one year in which to file a § 2254 petition, beginning, in this case, from the date on which the criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).[1] The respondent contends the petition should be dismissed because Mr. Jenkins did not timely file it. Mr. Jenkins admits he filed the petition outside the one-year limitations period, but contends the time period should be tolled.

---

[1] Mr. Jenkins does not allege any facts or make any arguments which would potentially trigger the application of the later accrual dates set forth in § 2244(d)(1)(B)-(D).

A petitioner is entitled to equitable tolling of the AEDPA limitations period if he shows that he acted with reasonable diligence and establishes facts which constitute "extraordinary circumstances." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (requiring a showing of "(1) extraordinary circumstances, (2) beyond [the petitioner's] control or external to his own conduct, (3) that prevented him from filing on time"). In considering claims of equitable tolling, there is a need to maintain flexibility and avoid mechanical rules. *See Holland*, 560 U.S. at 650.

Mr. Jenkins contends that he did not have access to a law library and had to rely on NCPLS for assistance. (Doc. 8 at 2.) He explicitly states that NCPLS advised him not to file a motion or petition until their review was complete and that he relied on their advice. (Doc. 2 at 13-14.) He alleges that his lack of access to legal materials in prison caused additional delay such that he had to obtain needed information from NCPLS before he could file an appropriate petition, information which took NCPLS months to provide. (*See id.,* Doc. 8 at 2.) Once he received these materials, he filed his state MAR within fifteen days. (Doc. 8 at 2.)

Construing his claim broadly, as is appropriate given his *pro se* status, Mr. Jenkins appears to be arguing that it would be inequitable to hold him to the one-year federal habeas deadline when he is in the custody of a state that provides no access to any law library, that he actively and diligently sought the only legal research tools and assistance available to him, that he did not receive those materials until after the one-year period expired, and that he promptly filed his state court MAR upon receipt of those materials.

3

He promptly filed his § 2254 petition after exhausting his state remedies and has diligently pursued the petition since. Fewer than two years passed from his conviction until this § 2254 petition, despite formidable hurdles.

Given the complexity of the AEDPA and the ease with which uninformed post-conviction motions and petitions in state court can result in procedural bars,[2] this is not a facially frivolous argument, assuming its factual underpinnings are correct.[3] Moreover, the respondent tacitly admits in its brief that Mr. Jenkins did not have access to a law library. (*See* Doc. 6 at 5.) "[A] lack of access to legal materials may, in certain extraordinary circumstances, warrant equitable tolling . . . ." *Bryant v. Hines*, No. 5:12-HC-2061-F, 2013 WL 427101, at *5 (E.D.N.C. Feb. 4, 2013).

The respondent contends that the state provides legal services to prisoners through NCPLS and has no further obligation to provide prison law libraries, and therefore extraordinary circumstances do not exist. (Doc. 6 at 5.) However, its argument to this effect is perfunctory,[4] and the respondent did not file a reply brief after Mr. Jenkins

---

[2] *See* Bryan A. Stevenson, *Confronting Mass Imprisonment and Restoring Fairness to Collateral Review of Criminal Cases*, 41 Harv. C.R.-C.L. L. Rev. 339, 349-51 (2006) (discussing the ease with which complex state procedural requirements can bar later review in federal court).

[3] *See generally* Barbara J. Van Arsdale, *Inadequate Access to Legal Materials as Grounds for Equitable Tolling of One-Year Limitations Period Established in Antiterrorism and Effective Death Penalty Act for Writ of Habeas Corpus Sought by Person in Custody Pursuant to Judgment of State Court (28 U.S.C.A. § 2244(d)(1))*, 18 A.L.R. Fed. 2d 717 (2007) (summarizing pre-*Holland* cases).

[4] The Court is aware through its own research and experience that there are cases not cited by the respondent which provide some non-binding support for his position. *See, e.g.*, *Bell v. Keller*, No. 5:09-HC-2167-D, 2011 WL 845913, at *4 (E.D.N.C. Mar. 8, 2011) (unpublished); *Coil v. Peterkin*, No. 1:07CV145, 2009 WL 3247848, at *10 (M.D.N.C. Oct. 5, 2009) (unpublished); *Wrenn v. Freeman*, 894 F. Supp. 244, 248-49 (E.D.N.C. 1995) (recognizing that

raised these issues with more specificity. Moreover, Mr. Jenkins' allegations about NCPLS, which the Court must treat as true at this stage, give rise to some question as to whether NCPLS continues to provide constitutionally adequate services to inmates.[5]

Often it is easy to tell that exceptional circumstances do not exist on the face of a complaint and on review of a petitioner's brief. *See Holland*, 560 U.S. at 651-52 (indicating that "garden variety" claims for tolling based on excusable neglect should be denied). This does not mean that every petitioner's argument for equitable tolling should be rejected without close examination, for "[i]t must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." *Bowen v. Johnston*, 306 U.S. 19, 26 (1939); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (holding that the "writ of habeas corpus plays a vital role in protecting constitutional rights"). As the Supreme Court affirmed in *Holland*, there is a strong historical basis for application of equitable principles in habeas cases, and a "strong equitable claim" will keep the courthouse doors open to state prisoners. *See Holland*, 560 U.S. at 649.

---

NCPLS satisfies the Constitution's requirement that inmates be given meaningful access to the courts); *see also Gray v. Lewis*, No: 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011) (opinion of Auld, M.J.) (collecting cases and holding that lack of library access and normal NCPLS delays do not warrant equitable tolling). Because the respondent did not cite these cases, (*see generally* Doc. 6), the Court need not review them in detail here. Suffice it to say that these cases are generally distinguishable in one or more ways: most involve long delays, no evidence of due diligence, no evidence that limited access actually impaired a prisoner's ability to pursue post-conviction rights, or addressed the issue at summary judgment, none of which are present in this case in its current posture.

[5] *Wrenn* is almost twenty years old, and the Court has nothing before it to indicate that NCPLS is still funded and managed in a way that meets the respondent's constitutional obligations.

Whether Mr. Jenkins' case is an extraordinary case is open to question, but the matter is "open enough" to delay resolution until the factual record is developed. The Court concludes that Mr. Jenkins' allegations concerning equitable tolling are sufficient for the time being, and it should defer ruling until the factual record is clearer and the legal issue has been briefed more fully in light of the evidence. *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002) ("Because the one-year statute of limitations is not jurisdictional, a federal habeas court is not duty-bound to consider the timeliness of a § 2254 petition."). It may also be unnecessary to reach this issue. *See Grant v. Johnson*, No. 1:08cv714 (CMH/JFA), 2009 WL 2243713, at *4 (E.D. Va. July 22, 2009) (noting that courts have "discretion to leave unresolved the issue of whether th[e] petition was timely filed[] and [can] proceed instead to consider petitioner's claims on the merits").

For these reasons, it is **ORDERED** that the motion to dismiss, (Doc. 5), is **DENIED**, without prejudice to the respondent raising the timeliness issue again at summary judgment.

This the 16th day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE